| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave., Suite 406<br>Westmont, NJ 08018<br>(215) 627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificate Holders CWABS, Inc., Asset-Backed Certificates, Series 2006-22 | **Order Filed on July 3, 2019 by Clerk, U.S. Bankruptcy Court - District of New Jersey** |
| In Re:<br><br>Jenever E. Hicks,<br><br>Debtor. | Case No.: 19-16648 SLM<br>Adv. No.:<br>Hearing Date: May 22, 2019<br>Judge: Stacey L. Meisel |

# ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**

**DATED: July 3, 2019**

_Stacey L. Meisel_
Honorable Stacey L. Meisel
United States Bankruptcy Judge

Page 2
Debtor:     Jenever E. Hicks
Case No.:   19-16648 SLM
Caption:    **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificate Holders CWABS, Inc., Asset-Backed Certificates, Series 2006-22, the holder of a mortgage on property known as 59-61 Stockman Place, Irvington, NJ 07111, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for the Secured Creditor and Novlet M. Lawrence, attorney for Debtor, and for good cause having been shown;

It is **ORDERED, ADJUDGED and DECREED** that the subject property's value is set at $159,000.00 for the purposes of this Chapter 13 bankruptcy proceeding; and

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** that Debtor shall pay the value of the loan in full over 60 months through Debtor's Chapter 13 plan; and

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** that the interest rate on the amount to be paid to Secured Creditor is hereby set at 6%; and

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** that the total amount to be paid to Secured Creditor is $184,434.93 for the value of its lien at the time of filing including interest, and said amount shall be paid through Debtor's Chapter 13 plan; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor shall pay all post-petition escrow items directly, including but not limited to property taxes and insurance; this loan will no longer be escrowed; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that upon successful completion of said payments, repayment of all post-petition escrow advances, and receipt of a discharge in this Chapter 13 proceeding, this lien shall be released and extinguished; and

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** that Secured Creditor, shall file a release of the lien with the recorder of deeds in the County of Passaic for the underlying mortgage within 30 days of the completion of the plan payments, repayment of outstanding escrow advances, and receipt of discharge; and

Page 3
Debtor:       Jenever E. Hicks
Case No.:     19-16648 SLM
Caption:      **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** that in the event Secured Creditor fails to discharge the mortgage within the prescribed period, the Debtor and/or Debtor's counsel may record with the recorder of deeds a certified or exemplified copy of this order, along with a copy of the bankruptcy discharge order, which shall have the same force and effect of a discharge of mortgage.

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** that Secured Creditor shall have an unsecured claim in the amount listed on its Proof of Claim; and

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** that the Debtor complies with the disclosures set forth in 11 U.S.C. 521 (f).

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** that the Secured Creditor's Objection to Confirmation is hereby resolved.